UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:22-CV-004-DCLC-SKL ) ) |
| ANATOLE CONSTRUCTION COMPANY, INC. and OMEGA CONSTRUCTION, INC., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is (1) Plaintiff Frankenmuth Mutual Insurance Company's Motion for Default Judgment against Defendant Omega Construction, Inc. ("Defendant" or "Omega") [Doc. 24] and (2) Defendant's Motion to Set Aside Entry of Default [Doc. 34].[1] The motions are ripe and have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A)-(C) [Doc. 40]. Having considered the filings, I recommend that the Motion to Set Aside be granted and the Motion for Default Judgment be denied as moot for the reasons stated herein.

I.  BACKGROUND

This is a declaratory judgment action regarding insurance coverage. The alleged background of this case is set out in the Court's prior order denying Anatole's motion to dismiss

---

[1] The Plaintiff's Motion for Default Judgment is supported by a memorandum in support with various exhibits [Doc. 26], a response in opposition [Doc. 36], and a reply [Doc. 37]. Defendant's Motion to Set Aside is supported by a memorandum in support with various exhibits [Doc. 35], a response in opposition [Doc. 38], and a reply [Doc. 39]. The other defendant to this action, Anatole Construction Company, Inc. ("Anatole"), has not taken a position with respect to either motion.

or stay and will not be repeated herein. Suffice it to say, Plaintiff issued certain insurance policies insuring Anatole. Anatole is a subcontractor hired by Omega, the general contractor, to assist in the construction of a hotel in North Carolina, which was completed in approximately 2009. Pursuant to Omega and Anatole's standard subcontractor agreement, Anatole was required to name Omega as an additional insured on the certificate issued for the project.

In 2021, the owner of the hotel filed suit against Anatole and Omega in North Carolina state court ("Underlying Litigation"). This Underlying Litigation alleged construction defects and sought damages against both Anatole and Omega for negligence and negligence per se. Plaintiff is defending both Anatole and Omega in the Underlying Litigation under a reservation of rights. On January 5, 2022, Plaintiff filed this declaratory judgment action asking the Court to declare that it has no insurance coverage obligations to either Anatole or Omega under certain policies and, alternatively, that the Court find the coverage under one policy is limited and that Plaintiff may withdraw from the defense of Anatole and Omega once it exhausts those limits defending the Underlying Litigation.[2]

Turning to the issue of default, that Omega did not answer or otherwise respond to the declaratory judgment complaint has been a matter or record for close to a year as Plaintiff and Anatole noted Omega's failure to respond in their Rule 26(f) Planning Meeting Report filed May

---

[2] In very brief summary, but as explained in detail in the order denying the motion to dismiss or stay [Doc. 19], Plaintiff claims that coverage under the Commercial General Liability ("CGL") policy for Anatole does not apply because, for example, the CGL policy only applies when property damage is caused by an occurrence, not faulty workmanship. Plaintiff also alleges the underlying claims are excluded for various reasons, such as the lack of a contract and because claims for property damage caused by the construction of exterior facades is excluded. Plaintiff also argues a lack of timely notice. Moreover, Plaintiff alleges that claims arising from Anatole's decision to substitute materials and commit dishonest acts results in coverage being excluded under the Claims Made Business Errors and Omissions ("E&O") policy. Alternatively, Plaintiff asserts that, if Anatole is entitled to E&O coverage, the coverage is limited to $25,000.00. Similar arguments are made to deny coverage or assert the application of exclusions or a failure of notice regarding the Umbrella policy at issue.

18, 2022 [Doc. 17].  On November 21, 2022, Plaintiff filed a request for entry of default [Doc. 22].  Again, and without any real explanation, Omega did not respond to the request for entry of default.  Receiving no response to the November 21 request for entry of default, the Clerk entered default against Omega on December 28, 2022 [Doc. 23].  Upon receiving a copy of the Entry of Default in late December 2022 or early January 2023, Omega finally contacted legal counsel and realized prompt action was needed [Doc. 35-2].  Legal counsel for Omega first entered an appearance on February 3, 2023 [Doc. 27, Doc. 30 & Doc. 31].  The same day, Omega filed its answer [Doc. 28] and its certificate of corporate interest [Doc. 29].  A few days later, the pending motion to set aside was filed.

According to the affidavit of Douglas G. Marshall, a Senior Vice President and Chief Financial Officer of Omega, which was submitted in connection with the pending motion to set aside, he received a copy of the declaratory judgment complaint in January or February 2022, and was unsure what to do with it.  He sought advice from insurance adjusters working for other insurers of Omega regarding whether Omega needed to take action to respond to the declaratory judgment complaint.  One of the adjusters told him no action was needed; and so, in reliance on that advice, Omega did not respond to the declaratory judgment complaint in a timely manner [Doc. 35-2].  Omega claims this was an "honest mistake." [*Id.*].

## II.  ANALYSIS

The parties dispute whether Defendant has shown good cause to set aside the Clerk's entry of default.  Specifically, Omega argues that it has established good cause to set aside the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c) because: (1) Plaintiff will not be prejudiced by reopening the case, (2) it has meritorious defenses to Plaintiff's claim, and (3) there was no culpable conduct on the part of Defendant leading to the default.  Plaintiff responds

[Doc. 38] that Defendant has not established good cause to set aside the entry of default. Plaintiff also argues that, in the event the Court grants Defendant's Motion to Set Aside, an award of attorney fees to it is appropriate.

Although Plaintiff has filed a Motion for Default Judgment, the motion is opposed, and a default judgment has not been entered. Rule 55 governs motions to set aside entries of default. Specifically, Rule 55(c) provides, "[t]he court may set aside an entry of default for good cause, . . ." Given the current procedural posture of the case, I find the good cause standard in Rule 55(c) is applicable. *See Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011) (explaining that a default judgment means that the "court has determined damages and a judgment has been entered") (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

In considering whether good cause exists to set an entry of default aside, the Court must consider three factors: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the culpable conduct of the defendant led to the default. *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). After applying these factors to consider whether Defendant has established good cause to set aside the entry of default, I find the applicable factors weigh in favor of setting aside the default.

### A. Prejudice

As to prejudice, Defendant argues that although default was entered against it on December 28, 2022, Plaintiff will not be prejudiced if the default is set aside because no evidence has been lost, no increased difficulties of discovery will occur, there is no evidence of, or opportunity for, fraud and collusion, the trial is not scheduled until November 7, 2023, no final default judgment has been entered, and this case primarily involves questions of law, not

4

fact. Defendant also argues there are disputed issues of fact.

Plaintiff responds it would suffer prejudice if default is set aside because it and Anatole have completed written discovery, and are prepared to move forward with depositions, so allowing default to be set aside will result in delay.

With respect to prejudice, courts have explained that the "prejudice inquiry focuses on the 'future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct.'" *Hernandez v. Telelink, LLC*, No. 4:18CV2203, 2019 WL 5086128, at *2 (N.D. Ohio Oct. 10, 2019) (quoting *Dassault*, 663 F.3d at 842). For instance, a delay in the proceedings will not be considered prejudicial unless it results "in the loss of evidence, create[s] increased difficulties of discovery, or provide[s] greater opportunity for fraud and collusion. *Id.* (quoting *Dassault*, 663 F.3d at 842) (other quotations omitted)).

Although not raised by the parties, Plaintiff and Anatole's discovery plan, filed on May 18, 2022, states "[w]ritten discovery shall be served at least 75 days before the deadline to complete discovery to allow sufficient time for response." [Doc. 17]. As the discovery deadline is May 26, 2023 [Doc. 20], the cutoff date for these parties to conduct written discovery was March 12, 2023. As previously noted, Plaintiff applied for, and default was entered, before the end of 2022. However, Plaintiff has not identified any written discovery that it might need from Omega that is not already available from the Underlying Litigation or that it needs to conduct if the default is set aside. In short, Plaintiff has not demonstrated setting aside the default will create and significantly increased difficulties of discovery.

I find any written discovery that a parties might need to conduct as a result of setting aside the default may be accomplished by the parties if they cooperate to expedite the discovery and avoid duplicate discovery. Any alleged prejudice may be cured by cooperatively working

together to conduct any remaining written discovery; and, the parties should be able to conclude discovery prior to the discovery completion deadline if the parties cooperate and make such discovery a priority.

In short, Plaintiff's claims of prejudice are not persuasive and I do not find that the type of discovery difficulty or delay identified by Plaintiff equates to a finding that it will be prejudiced. Accordingly, I find this factor weighs slightly in favor of setting aside the default.

### B. Meritorious Defense

I have also weighed whether Defendant has shown a meritorious defense. Defendant states that it has meritorious defenses because Plaintiff seeks a declaration that the subject insurance policy affords Omega no coverage at all, but Plaintiff previously recognized Omega's contractual right to coverage under a reservation of rights. Specifically, Defendant alleges that in a letter to Omega dated December 29, 2021, Plaintiff stated it had determined there were covered allegations in the underlying litigation alleging willful and wanton negligence and negligence per se. which would fall under some coverage of the policy. Defendant argues that in spite of unsupported allegations in the declaratory judgment action, the underlying complaint asserts that the use and alleged improper installation of unsuitable materials resulted in the failure of the exterior facade. Moreover, Defendant discounts Plaintiff's assertions of applicable exclusions of coverage and notice issues. Citing to this Court's decision denying Anatole's motion to dismiss or stay, Defendant argues certain coverage obligations cannot be determined until the underlying case is resolved and factual determinations are made.

The Sixth Circuit has explained, "A defense is meritorious if it is good at law." *Dassault Systemes*, 663 F.3d at 843 (quoting *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (internal quotation marks omitted). Defendant "does not need to

6

Case 1:22-cv-00004-DCLC-SKL  Document 42  Filed 03/31/23  Page 6 of 10
PageID #: 934

demonstrate that the defense is likely to succeed on the merits. Rather, the inquiry is whether 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Hernandez,* 2019 WL 5086128, at *3 (quoting *$22,050.00 U.S. Currency*, 595 F.3d at 326) (other quotations omitted). "[C]onclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." *Dassault Systemes*, 663 F.3d at 843.

Plaintiff does not address whether Defendant has raised meritorious defenses to the lawsuit. Given Plaintiff's total failure to address this factor and the argument of Defendant, I find this factor (*i.e.*, meritorious defenses) weighs strongly in favor of setting aside default.

### C. Culpable Conduct

As to the final factor, Defendant argues it is not culpable, it just made an "honest mistake." Defendant's excuse for not responding to the declaratory judgment complaint because an insurance adjuster for another insurer advised it that it did not need to respond to the complaint is weak at best. Moreover, after receiving a copy of the default entered by the Clerk on December 28, 2022, Omega did not expedite obtaining counsel since counsel did not enter an appearance or respond to the declaratory judgment complaint until February 3, 2023.

Plaintiff asserts that Omega acted with culpable conduct by willfully failing to respond to the complaint. Plaintiff argues Defendant's alleged reliance on a non-lawyer to willfully fail to respond to the complaint was culpable conduct, noting Omega did not attempt to call an attorney concerning the declaratory judgment action until after the Clerk's entry of default had been entered. Plaintiff notes that while Omega attempts to excuse its culpable conduct by claiming it relied on an insurance adjuster's advice, it cannot be considered an honest mistake to knowingly and willfully disregard a lawsuit.

7

As argued by Omega, for a defendant "to be deemed culpable for the default, [it] 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings.'" *$22,050.00 United States Currency*, 595 F.3d at 327 (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996)). "A defendant's mere carelessness is insufficient to constitute culpable conduct." *DR Ent., LLC v. Blue Moon Ent., LLC*, 2022 WL 2981425 at *3 (M.D. Tenn. June 29, 2022) *report and recommendation adopted*, 2022 WL 2975307 (M.D. Tenn. July 27, 2022) (quoting *Southern Elec. Health Fund v. Bedrock Servs.*, 146 F. App'x 772, 777 (6th Cir. 2005).

Weighing Omega's conduct, I find it to be more than mere carelessness. I find Omega's continuing failure to respond in reliance on an adjuster's opinion was reckless. Omega also failed to respond to Plaintiff's request for entry of default and failed to take action with urgency once default was entered. However, the situation certainly does not appear to rise to the level of an intent to thwart judicial proceedings. Accordingly, I find this factor only slightly weighs against setting aside default.

### D. Applying the Factors

It is well established that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.* 705 F.2d at 845. Given that "in the interests of justice, federal courts prefer to reach the merits of a claim rather than dismiss a claim for procedural flaws." *DR Ent., LLC*, 2022 WL 2981425 at *2, "the general policy that whenever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits." *Taylor v. Macon Cnty. Sheriff's Dep't*, No. 2:21-CV-00040, 2023 WL 2314865, at *2 (M.D. Tenn. Mar. 1, 2023) (citing Wright and Miller, 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.)).

Although Defendant's reckless conduct weighs against setting aside entry of default, its meritorious defenses and the lack of prejudice weigh in favor of setting aside entry of default. When balanced, the good cause factors under Fed. R. Civ. P. 55(c) weigh in favor of setting aside entry of default. Accordingly, after having reviewed the applicable factors, I find good cause exists to set aside entry of default under Rule 55(c). As a result, I recommend that the default judgment not be entered and that the entry of default be set aside. *$22,050 U. S. Currency*, 595 F.3d at 322 ("In general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps."); *Berthelsen v. Kane*, 907 F.2d 617 (6th Cir. 1990) (setting aside the default even though defendant had culpable conduct and willfully evaded service given that the other factors weighed in defendant's favor).

### E. Request for Attorney Fees

I have also considered Plaintiff's alternative request that attorney fees be awarded against Defendant for the expense of obtaining entry of default and related motion practice. Plaintiff did not support its request with evidence or citation to applicable legal authority. Given that attorney fees incurred to file a simple request for an entry of default and a motion for default judgment should be fairly insignificant and that Plaintiff failed to cite to legal authority supporting such an award in similar circumstances, I find an award of attorney fees in not warranted.

## III. CONCLUSION

Accordingly, for the reasons explained above, I **RECOMMEND**[3] that Plaintiff's Motion for Default Judgment [Doc. 24] be **DENIED AS MOOT** and that Defendant's Motion to Set Aside Entry of Default [Doc. 34] be **GRANTED**. I further **RECOMMEND** that the parties be **ORDERED** to immediately confer and submit a revised discovery plan so that discovery may be completed on the current schedule.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).